Joel E. Tasca
Nevada Bar No.
Sylvia O. Semper
Nevada Bar No. 12863
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Telephone:  (702) 471-7000
Facsimile:  (702) 471-7070
E-Mail:  tascaj@ballardspahr.com
E-Mail:  sempers@ballardspahr.com

*Attorneys for Defendant*
*S&S Fuels*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KIM THOMAS; WILLIAM THOMAS <br><br> Plaintiffs, <br><br> vs. <br><br> MANAGED PAY d/b/a 7-Eleven; S&S FUELS; DOE DEFENDANTS I through X, inclusive; ROE DEFENDANTS I through X, inclusive <br><br> Defendants. | Case No. : <br><br> **NOTICE OF REMOVAL OF ACTION** <br><br> (Formerly Case No. A-16-745687-C, in the Eighth Judicial District Court, Clark County, Nevada) |

TO:   CLERK OF UNITED STATES DISTRICT COURT FOR THE DISTRICT OF

        NEVADA; and

TO:   ALL INTERESTED PARTIES:

        PLEASE TAKE NOTICE that Defendant S&S Fuels ("S&S") hereby removes

to this Court the action filed in the Eighth Judicial District Court, in Clark County,

Nevada on the basis of original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and

1446, as described below.

        In support of this Petition, S&S states as follows:

        1. On October 25, 2016, Plaintiffs Kim Thomas ("Kim") and William

Thomas ("William") (Kim and William may be jointly referred to herein as "Plaintiffs")

commenced an action in the Eighth Judicial District court, Clark County, Nevada by filing a Complaint, Case No. A-16-745687-C, *Kim Thomas v. Managed Pay et al.*

2.   The Complaint, along with a Summons, was served upon S&S's registered agent in Nevada on Friday, November 18, 2016.

3.   No other process, pleadings or orders have been served upon S&S.

4.   S&S filed this Notice within thirty (30) days after service of a pleading, motion, order or other paper, namely the Complaint, from which it may be ascertained that this case is one that is or has been removable, and within one year after commencement of the Action.   Accordingly, this removal is timely under 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1)(C).

5.   All documents previously filed with the Eighth Judicial District Court are attached as Exhibit A, pursuant to 28 U.S.C. § 1446(a).   True and correct copies of the Summons and Complaint are attached as Exhibit A.

6.   In their Complaint, Plaintiffs alleged the following claims:

   a.   Kim's claim under Titles I and V of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*;

   b.   Kim's claim under Sections 501 and 505 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. § 794 (the "Rehabilitation Act");

   c.   Kim's claim under the Civil Rights Act of 1991 ("1991 CRA");

   d.   Kim's claim under the Nevada Fair Employment Practices Act ("NFEPA") NRS 613.330 for alleged disability discrimination;

   e.   William's common law claim for alleged loss of consortium, which derives from Kim's principal actions; and

   f.   Kim's claim for injunctive relief in which she seeks the expungement and/or modification of her personnel file.

*See* Complaint ¶¶ 2, 3, 4, 5, 6 and 63.

2

7.  The District Courts of the United States have original and supplemental jurisdiction of this Action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, and this Action is removable pursuant to 28 U.S.C. § 1441.

8.  All defendants who have been served in this matter have consented to this removal.

9.  A true and correct copy of this Petition for Removal is being filed this date with the Clerk of the Eighth Judicial District Court.

Dated:  December 5, 2016.

BALLARD SPAHR LLP


By: /s/ Sylvia O. Semper
  Joel E. Tasca
  Nevada Bar No. 14124
  Sylvia O. Semper
  Nevada Bar No. 12863
  100 North City Parkway, Suite 1750
  Las Vegas, NV  89106
  Telephone:  (702) 471-7000
  *Attorneys for Defendant*
  *S&S Fuels*

DMWEST #14659569 v1

<u>**CERTIFICATE OF MAILING**</u>

I HEREBY CERTIFY that on the 5th day of December, 2016, and pursuant to NRCP 5(b), a true and correct copy of the foregoing **NOTICE OF REMOVAL OF ACTION,** was filed via the court's CM/ECF System and electronically served by the court on all parties who have appeared in this action.

/s/ Kathy Goral
An employee of BALLARD SPAHR LLP

4

# EXHIBIT A:

# Summons and Complaint

# EXHIBIT A:

# Summons and Complaint

1  SUMM

2                              **DISTRICT COURT**

3                         **CLARK COUNTY NEVADA**

4
     KIM THOMAS; WILLIAM THOMAS,           CASE NO. A-16-745687-C
5
6                    Plaintiffs,
                                           DEPT. NO. XXXI
7                      vs.

8   MANAGED PAY d/b/a 7-Eleven; S&S
9   FUELS; DOE DEFENDANTS I through X,
    inclusive; ROE DEFENDANTS I through X,
10  inclusive

11                   Defendants.

12                            **SUMMONS-CIVIL**

13  **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU**
14  **WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ**
    **THE INFORMATION BELOW.**
15

16  **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff against you for the

17  relief set forth in the Complaint.

18          1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on

19              you, exclusive of the day of service, you must do the following:

20              (a) File with the Clerk of this Court, whose address is shown below, a formal written

21                  response to the Complaint in accordance with the rules of the Court, with the

22                  appropriate filing fee.

23              (b) Serve a copy of your response upon the attorney whose name and address is

24                  shown below.

25          2.  Unless you respond, your default will be entered upon application of the

26

27

28

Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.   If you intend to seek the advice of an attorney in this matter, you should do  so promptly so that your response may be filed on time

4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
CLERK OF COURT                        NOV 0 7 2016
                                              WALTER ABREGO-BONILLA
By: _____

Deputy Clerk                              Date

Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

Submitted by:

Telia U. Williams, Esq.
Nevada Bar No. 9359
10161 Park Run Drive
Suite 150
Las Vegas, NV 89145
702-835-6866
teliauwilliams@telialaw.com
*Attorney for Plaintiffs*

**NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure 4(b).**

# DISTRICT COURT CIVIL COVER SHEET

County, Nevada

A-16-745687-C

XXXI

Case No.
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Kim E. Thomas, William Thomas | Managed Pay ; dba 7-Eleven; S&S Fuels, |
| c/o Telia U. Williams | 1200 N. Town Center Dr, Las Vegas, NV 89144 |
| (see below) | |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| Telia U. Williams, Esq. | |
| 10161 Park Run Drive, Suite 150, Las Vegas, NV 89145 | |
| 702-835-6866 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☑ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

10/25/2016

Date

*Signature of initiating party or representative*

*See other side for family-related case filings.*

Nevada AOC - Research Statistics Unit
Pursuant to NRS 3.275

Form PA 201
Rev 3.1

Electronically Filed
10/25/2016 11:40:58 PM

*[signature]*

**CLERK OF THE COURT**

Telia U. Williams, Esq.
LAW OFFICE OF TELIA U. WILLIAMS
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: 702-835-6866
telia@telialaw.com
*Attorney for plaintiffs*

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| KIM THOMAS; WILLIAM THOMAS, | ) Case No.  A-16-745687-C |
| Plaintiffs, | ) XXXI |
| vs. | ) **COMPLAINT** |
| MANAGED PAY d/b/a 7-Eleven; S&S FUELS; DOE DEFENDANTS I through X, inclusive; ROE DEFENDANTS I through X, inclusive | ) **Arbitration Exempt—Injunctive and Equitable Relief Requested** |
| Defendants. | ) **JURY TRIAL REQUESTED** |

Plaintiffs Kim Thomas and William Thomas hereby allege and complain as follows:

## I.   INTRODUCTION

1.  This is an employment discrimination case brought by a former employee of 7-Eleven in Las Vegas, alleging a continuing series of discriminatory conduct against her because of her disability. Ms. Thomas has received **"Probable Cause"** determinations from both the Nevada Equal Rights Commission (NERC) **and** the U.S. Equal Employment Opportunity Commission (EEOC), meaning that the agency has found good reason to believe that she was a genuine victim of discrimination on

- 1 -

the basis of her disability.[1]

2. This is an action under the Americans with Disabilities Act (ADA), 42 U.S.C. 12101, *et seq.* ("ADA"), (Titles I and V of the ADA), and Sections 501 and 505 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. 794 (the "Rehabilitation Act").

3. This is also an action under the Civil Rights Act of 1991 for intentional discrimination in employment.

4. This is also an action under the Nevada Fair Employment Practices Act (FEP) which prohibits employment practices that discriminate on the basis of disability (NRS 613.330).

5. This is also an action under the common law of the State of Nevada for loss of consortium, which derives from the principal action.

6. Plaintiff seeks injunctive relief to expunge and/or modify her employment file which, upon information and belief, contains negative information about her, due to issues involving disability.  Plaintiff also seeks lost pay, compensatory, and punitive damages.

7. Plaintiff, additionally, and independent of the claims against the governmental agency, seeks appropriate injunctive relief and compensatory and punitive damages against the individual and/or entity defendants who have not yet been named, and are listed as "Doe" and/or "Roe" defendants.  Plaintiff intends to amend this complaint once these individuals and/or entities are known.

## II.  JURISDICTION, VENUE, AND PARTIES

8. Plaintiff Kim Thomas ("Ms. Thomas") is a citizen of the United States and is a

---

[1] *See, e.g., Plummer v. Western Int'l Hotels Co., Inc.*, 656 F.2d 502, 505 (9th Cir. 1981) (An EEOC probable cause determination is a "highly probative evaluation of an individual's discrimination complaint.")

resident of Clark County, Nevada.

9.  Plaintiff William Thomas ("Mr. Thomas") is a resident of Clark County, Nevada.

10. Defendant Managed Pay, doing business as, 7-Eleven (7-11) is an entity that is resident in Nevada.

11. S&S Fuels is an entity that is resident in Nevada.  It is believed that S&S Fuels is an agent for, responsible for, vicariously liable, and/or jointly and severally liable with 7-11.

12. Doe Defendants I-X are natural persons who own, operate or control 7-11 and/or Roe Business Entities.

13. Roe Business Entities, I-X are entities, including without limitation, predecessor, successor, parent or subsidiary corporations, or other kinds of business entities or organizations, which are related to, connected to, control or operate any of the named Defendant business entities.  The Roe Business Entities I-X directed, assisted in, or ratified the wrongful actions of 7-11.  These fictitious, as yet unnamed, defendants are persons, entities or organizations who engaged in, oversaw, directed, ratified or assisted in the wrongful actions against Ms. Thomas, or who may be individual owners, officers, agents or employees of 7-11 or the Roe Defendants.

14. Doe and Roe defendants are agents, servants, employees, employers, and/or partners of 7-11, and the Doe and Roe defendants, and/or each other.   These fictitious defendants are persons, entities or organizations who engaged in, oversaw, directed or assisted in the wrongful actions against Ms. Thomas along with 7-11, or who may be individual owners, officers, agents, employees or associates of 7-11 and/or the Doe and/or Roe defendants.

15. The real names of these fictitious defendants are unknown to Ms. Thomas at this time. Ms. Thomas will seek leave to amend this Complaint and substitute the true names of the Roe and Doe defendants as soon as their true identities are revealed.

16. At the time of the actions alleged in this Complaint, aside from its own conduct, 7-11 was vicariously liable for its employees and/or agents who were acting within the color, purpose and scope of their relationships and/or employment, and by reason of its relationships and/or employment, 7-11 is jointly and severally and/or vicariously responsible and liable for the acts and omissions of its employees and/or agents.

17. Jurisdiction in this case is proper pursuant to NRS 14.065(1).

18. This court may acquire personal jurisdiction over defendants, which are all present in Clark County, Nevada, and/or do regularly do business in Clark County, Nevada.

19. Venue is proper in this court as all of the events complained of occurred in Nevada, or have their nexus in Nevada.

### III. FACTUAL ALLEGATIONS

20. Ms. Thomas suffers from a physical disability that substantially limits one or more major life activities. As such, she is a member of the pertinent protected class.

21. Ms. Thomas used to work for 7-11 in Las Vegas, Nevada as a cashier.

22. Ms. Thomas's job was to ring up purchases, replenish stock, and interact with customers, among other things.

23. Ms. Thomas was a diligent employee and successfully performed her job without any discipline.

24. Ms. Thomas, due to her physical disability, involving her back and legs, she needed to sit in order to serve behind the counter.

25. Ms. Thomas would have been able to adequately perform her duties while seated behind the cash register.

26. Ms. Thomas requested of her supervisor that she be allowed a chair so that she could sit down while performing her job.

27. However, the supervisor denied the request and gave her the ultimatum that she could either stand or "leave."

28. Ms. Thomas tried to perform the job while standing, but the stress on her legs and back were such that she could not continue her employment. Ms. Thomas therefore was constructively discharged.

29. Ms. Thomas turned in her letter of resignation on December 20, 2013.

30. Ms. Thomas timely filed a complaint with NERC (within 300 days), which investigated and determined that Ms. Thomas was a victim of discrimination by 7-11 on the basis of disability.

31. NERC issued a Probable Cause determination in favor of Ms. Thomas on April 28, 2016, and invited 7-11 to participate in a conciliation with NERC.

32. Ms. Thomas in good faith attended the conciliation arranged by NERC on June 22, 2016.  7-11 attended the conciliation, as well.

33. When conciliation failed, NERC referred the matter to the EEOC, which also found Probable Cause for discrimination against Ms. Thomas by 7-11 on the basis of disability, and gave Ms. Thomas a right to sue on July 27, 2016.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

34. Ms. Thomas filed a formal complaint of disability discrimination with NERC within the time provided by applicable law and regulations.

35. On July 27, 2016, the EEOC mailed to Ms. Thomas a Notice of Right to Sue.

36. This suit is being brought within 90 days of the receipt by Ms. Thomas of notice of final agency administrative action on the part of EEOC.

37. Ms. Thomas has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action.

**V.**

**FIRST CAUSE OF ACTION**
**(Employment Discrimination—Disability)**
**(Kim Thomas)**

(Pursuant to Americans with Disabilities Act (ADA), 42 U.S.C. 12101, *et seq.* ("ADA"), (Titles I and V of the ADA), and Sections 501 and 505 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. 794 (the "Rehabilitation Act", and the Nevada Fair Employment Practices Act (FEP), NRS 613.330)

38. The foregoing paragraphs are repeated and incorporated as if fully set forth herein.

39. 7-11 has unlawfully discriminated against Ms. Thomas based on her disability in violation of Rehabilitation Act of 1973, 29 U.S.C. 791, as amended by the ADA.

40. 7-11 also unlawfully discriminated against Ms. Thomas based on her disability in violation of the FEP and/or NRS 613.330.

41. 7-11 has a legal obligation to provide reasonable accommodation to employees who are disabled.

42. An individual with a disability is defined as one who (1) has a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such impairment, or (3) is regarded as having such an impairment.  29 C.F.R. 1630.2(g).

43. Ms. Thomas is and has been an individual with a disability at all times relevant to this action.

44. Ms. Thomas' disability, accepted to be disabilities according to the pertinent legal definitions, relate to problems with her legs and back.

45. The major life activity that her disability affects is Ms. Thomas' ability to stand for extended periods of time.

46. A qualified individual with a disability is an individual with a disability who satisfies the requisite skill, experience, education and other job-related requirements of the position she holds or desires, and who with or without reasonable accommodation, can perform the essential functions of the position. *See* 29 C.F.R. 1630.2(m).

47. Ms. Thomas is and has been a qualified individual with a disability at all times relevant to this action. Ms. Thomas satisfied the requisite skill, experience, education and any other job-related requirements of her job as cashier.

48. She could, with reasonable accommodation, perform her job as a cashier.

49. 7-11, through its agents, received Ms. Thomas' requests for reasonable accommodation, namely, to be provided a chair so that she could perform her duties behind the cash register without harm to her body and pain. But 7-11 refused Ms. Thomas' reasonable request.

50. 7-11 is an organization required to make reasonable accommodations for the known physical and mental limitations of an otherwise qualified individual with a disability unless the organization can show that accommodation would cause an undue hardship.

51. 7-11, through its agents, refused to provide reasonable accommodation to plaintiff where providing the accommodation would not cause 7-11 an undue hardship.

52. Ms. Thomas has suffered injury as a proximate result of defendant's discriminatory practices, including, *but not necessarily limited to*, the loss of her job due to constructive discharge.

53. Inasmuch as 7-11 could accommodate Ms. Thomas without hardship to itself and made *no good faith effort* to assist her, 7-11 is liable to Ms. Thomas for intentional discrimination.

54. Pursuant to federal and/or pertinent state law, Ms. Thomas is entitled to compensatory and punitive damages, as well as attorneys' fees and costs.

55. In addition, pursuant to the Civil Rights Act of 1991, Ms. Thomas is entitled to additional compensatory and/or punitive damages due to intentional discrimination.

## SECOND CAUSE OF ACTION
### (Loss of Consortium)
### (William Thomas)

56. The foregoing paragraphs are repeated and incorporated as if fully set forth herein.

57. As a direct and proximate result of the discrimination described herein, concluding with her constructive discharge, Ms. Thomas has suffered emotional and financial hardships.

58. Plaintiff William Thomas is the husband of Ms. Thomas, and was legally and lawfully married to Ms. Thomas at all times during the discrimination, and is married to Ms. Thomas at the present time.

59. As a direct and proximate result of the injuries sustained by Ms. Thomas by the discrimination described above, Mr. Thomas suffered the loss of emotional support,

companionship, and the mutual benefits presumed to exist within a marriage, and consortium of his wife, Ms. Thomas, and therefore, he is entitled to general damages for such losses.

60. Mr. Thomas is also entitled to reasonable attorneys' fees and costs for bringing this action.

### THIRD CAUSE OF ACTION
**(Injunctive Relief)**
**(Kim Thomas)**

61. The foregoing paragraphs are repeated and incorporated as if fully set forth herein.

62. 7-11 has, upon information and belief, included negative information in the employment file of Ms. Thomas, as a result of her needing time off for her disability, as well as her request for accommodation.

63. 7-11 should be required to expunge and/or modify Ms. Thomas' employment file, and/or any written record or documentation regarding Ms. Thomas' employment at 7-11.

64. The actions and/or omissions of 7-11 in this regard have directly and proximately caused Ms. Thomas harm.

65. Ms. Thomas is entitled to reasonable attorneys' fees and costs for having to bring this action.

**WHEREFORE**, plaintiffs pray judgment against defendants, as follows:

1. For a jury trial, if necessary, upon all issues;

2. For compensatory damages in excess of $10,000.00;

3. For punitive damages in excess of $10,000.00;

4. For back pay, benefits, and compensation for sick and vacation leave;

5.  For loss of consortium;

6.  For injunctive relief;

7.  For costs of suit incurred;

8.  For prejudgment and post-judgment interest as provided by law;

and, for such other and further relief as the court may deem proper.

      Dated this 25th day of October, 2016.


                    /s/ Telia U. Williams

                    Telia U. Williams, Esq.
                    LAW OFFICE OF TELIA U. WILLIAMS
                    10161 Park Run Drive, Suite 150
                    Las Vegas, NV 89145
                    Tel.: (702) 835-6866
                    *Attorney for plaintiffs*